**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**
**AT NASHVILLE**

FILED

May 4, 1998

Cecil W. Crowson
Appellate Court Clerk

| | |
|---|---|
| STATE OF TENNESSEE, | ) |
| | ) C.C.A. NO. 01C01-9703-CC-00103 |
| Appellee, | ) |
| | ) HICKMAN COUNTY |
| VS. | ) |
| | ) |
| BRIAN KEITH HARDING, | ) |
| | ) |
| Appellant. | ) |

**O R D E R**

This Court released its opinion in the above-styled case, affirming the judgment, on February 18, 1998. Subsequently, counsel for the appellant filed a timely motion to withdraw pursuant to Rule 14, Tennessee Supreme Court Rules. It appears that counsel's notice to the appellant of her intent to withdraw was sent to an incorrect address and was not received by the appellant. Moreover, through inadvertence, the Court did not enter an order acting on the motion. Subsequently, mandate was issued on April 30, 1998.

Because it appears that the appellant was not notified of his attorney's intention of withdrawing as required by Rule 14, the Court finds that it is necessary to recall mandate and reenter our opinion.

IT IS, THEREFORE, ORDERED that counsel's motion to withdraw is denied. IT IS FURTHER ORDERED that mandate, issued on April 30, 1998, is recalled, and this Court's opinion, entered on February 18, 1998, is hereby vacated and shall be reentered as of the date of this order. The public defender's office shall have 14 days from the date of this order in which to file a renewed motion to withdraw as counsel pursuant to Rule 14, Tennessee Supreme Court Rules. Otherwise, counsel shall file an application for permission to appeal to the Tennessee Supreme Court on behalf of the appellant pursuant to T.R.A.P. 11. The appellant may remain on the same bond pending the filing and disposition of an application for permission to appeal. In default of such bond, he shall be remanded to the custody of the sheriff of Hickman County.

ENTER this the _____ day of May, 1998.

PER CURIAM